EMMA MAYER EXECUTRIX OF THE WILL OF SIMON MAYER, DECESSED

*v.*

## STATE OF ILLINOIS.

*Opinion filed December 11, 1916.*

1. INHERITANCE TAX—*claimant to recover under section 10 of the tax law must appeal.* In this claim the tax was fixed by the County Court and the same paid but no appeal was taken. *Held,* that no refund could be allowed.

2. PRACTICE—*Court of Claims not a court of review.* The Court of Claims does not sit as a court of review to pass upon the decisions of other courts.

Simeon Straus and Ira E. Straus, for Claimant.

P. J. Lucey, Attorney General, for State.

Claimant presents this as executrix of the estate of Simon Mayer, deceased, by appointment of the Probate Court of Cook County, Illinois.

After the death of decedent, his safety deposit box was opened, and claimant was required to deposit $2,000.00 in the Fort Dearborn National Bank of Chicago to cover possible inheritance tax before being permitted to have access to the contents of said box.

The record shows that on February 14, 1913, the County Court of Cook County entered an order fixing the inheritance tax in said estate at $1,935.70, fixing the fair market value of the succession to Emma Mayer, the widow, at $116,784.76, and the taxable value after deducting the statutory exemption of $20,000.00 at $96,784.76, and the tax assessed at the rate of 2%. The bank transmitted the amount of the tax payment, less 5% of $1,838.92, to the County Treasurer.

Claimant's attorney protested to the inheritance tax attorney that the tax should have been assessed at the rate of 1% instead of 2%, and so far as the record shows that is the only protest of any kind that was made.

No documentary evidence has been filed in this case from which we can ascertain just what proceedings were taken in the County Court. The evidence is to the effect that the final order was entered by the County Court and not the County Judge. If the order had been entered by the County Judge and was erroneous, an appeal could have been taken, and so far as record in this case shows, it might have been taken to the County Court. If an erroneous order was there entered, then, of course, an appeal could have been taken to the Supreme Court. There is no doubt but that an erroneous order was entered and so far as the record shows it was entered by the County Court. The tax should have been levied on the basis of 1% instead of 2%. But, instead of appealing to the Supreme Court to have the erroneous order modified, claim-

ant protested only to the inheritance tax attorney, who, of course, was without authority to enter any order, and the judgment of the County Court so far as appears from this record, was a final order.

This Court has repeatedly stated that it is not a court of review, and for us to disturb the order of the County Court would be to assume that authority which we do not have.

In those cases wherein the facts were similar to those in this case, and wherein this Court has found for claimants, orders assessing a 2% tax were either entered by the County Judge and on appeal changed to 1% by the County Court, or fixed at 2% by the County Court, and on appeal changed to 1% by the Supreme Court. On the other hand, we have refused to make an award in those cases where the final judgment of either the County Court or County Judge erroneously assessed the tax at 2%, and claimant failed to appeal from the order and have same assessed at 1%.

Inasmuch as in this case a final judgment of the County Court which had jurisdiction, fixed the rate at 2%, we cannot act as an appellate tribunal and set that judgment aside. This, in effect, is what claimant asks us to do. On the face of the record as presented, claimant has not pursued her remedy provided by law.

In view of this situation, we cannot make an award in this case, and in consequence thereof, it is the judgment of this Court that this claim be not allowed.